**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **DAVID S. HOLST,** | |
| Petitioner, | Case No. 09 C 5410 |
| v. | Hon. Harry D. Leinenweber |
| **UNITED STATES,** | |
| Respondent. | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner David Holst's (hereinafter, "Holst") Habeas Corpus Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 regarding his conviction in this court for receiving child pornography in Case No. 06 CR 32-1. For the following reasons, Holst's petition is **dismissed with prejudice**.

### I.  BACKGROUND

Holst was charged in a complaint, and later by indictment, with possession of child pornography in 2006 and was released on a $25,000 bond. On March 12, 2008, Holst pleaded guilty to one count of receiving child pornography, based on a superseding information. The Court modified his bond at the time of the plea to require Holst to be on home detention with electronic monitoring (ankle bracelet). On October 2, 2008, the Court sentenced Holst to 70 months in prison, followed by 15 years of supervised release.

Holst was ordered to report to prison on January 6, 2009. Holst did not appeal his conviction or sentence.

Holst's Petition asks that his sentence be reduced by 10 months to reflect the time he spent in home detention.

## II. **STANDARD OF REVIEW**

To succeed on a petition under 28 U.S.C. § 2255, a defendant must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence exceeded the statutory maximum, or is otherwise subject to collateral attack. *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir., 1996).

## III. **DISCUSSION**

District Courts do not have jurisdiction to take into account time served by a prisoner prior to sentencing when formulating his sentence; the Attorney General of the United States is the proper party to determine such credit. *United States v. Daily*, 970 F.Supp. 628, 631 (N.D.Ill., 1997) (citing *United States v. Jones*, 34 F.3d 495, 499 (7th Cir., 1994); *United States v. Wilson*, 503 U.S. 329, 334 (1992)). Therefore, there was no error by the Court in refraining from crediting Holst for time served, nor by Holst's attorney in failing to ask for such credit, at the time of sentencing. Furthermore, Holst makes no legal argument to suggest that the Court might now have a jurisdictional authority that it

did not have at the time of sentencing.  The Court therefore finds that it has no jurisdiction to consider Holst's request.

Even if the Court did have jurisdiction, the Court would deny Holst's request.  The Seventh Circuit has made it clear that electronic home detention is not a form of imprisonment for purposes of the Federal Sentencing Guidelines; rather, it is a substitute for imprisonment.  *United States v. Compton*, 82 F.3d 179, 183-84 (7th Cir., 1996).  It would therefore be inappropriate to credit Holst's home detention time as if it were part of his prison time.

## IV.  CONCLUSION

For the reasons stated herein, the Petition for Writ of Habeas Corpus is **dismissed with prejudice**.

**IT IS SO ORDERED.**

	Harry D. Leinenweber, Judge
	United States District Court

**DATE:** May 6, 2010